**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

|  |  |
|---|---|
| ) | C/A No. 2:13-CV-2845-RMG-MGB |
| ) | |
| Banner Life Insurance Company, ) | |
| ) | |
| Plaintiff ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Larry Robert Grooms, Individually ) | |
| and as Guardian of BG, a minor child ) | |
| under the age of fourteen (14), Robert ) | |
| Johnson, Jr., and BG, a minor child ) | |
| under the age of  fourteen (14) ) | |
| ) | |
| Defendants. ) | |
| ) | |

<u>FACTS</u>

This matter is before the court on the motions of Defendants BG ("BG) and

Robert Johnson, Jr. ("Mr. Johnson") for judgment on the pleadings (pursuant to

F.R.Civ. P. 12(c)) and default judgment (pursuant to F.R.Civ.P. 55(b)(2)) against

Defendant Larry Robert Grooms ("Mr. Grooms").  Dkt. Nos. 61-62, 70.  The

motions are both based on the ground that Mr. Grooms failed to plead or otherwise

defend the crossclaims of Defendants BG and Johnson.  Dkt. Nos. 61, 62, 70.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)

and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving *pro se*

litigants are referred to a United States Magistrate Judge for consideration.

On October 18, 2013, the plaintiff, Banner Life Insurance Company ("Banner Life"), filed an interpleader action seeking to deposit funds from a particular life insurance policy ("the Policy") in the name of Tabetha Grooms ("Mrs. Grooms") because the primary and contingent beneficiaries of the policy submitted competing claims. Dkt. No. 1.  Mrs. Grooms was the named insured on a $100,000 life insurance policy issued by Banner Life. Her husband, Mr. Grooms, was named the primary beneficiary.  Her adult son, Mr. Johnson, and BG, her minor daughter, were the contingent fifty percent (50 %) beneficiaries. Id. Mrs. Grooms died on May 9, 2013, in Charleston, South Carolina. Id. The Dorchester County Sheriff's Office conducted an investigation into the circumstances of Mrs. Grooms' death and considered Mr. Grooms a person of interest. Id.

On or about May 20, 2013, Detective Carson with the Dorchester County Sheriff's Office notified Banner Life that the investigation was substantially completed and that the manner of death would be ruled accidental or undetermined.  Dkt. No. 1, Ex. 3. The first death certificate listed the manner of death as an accident and the cause of death as encephalopathy due to blunt force injury to the head due to a fall. Dkt. No.1, Ex. 2.

On or about May 22, 2013, Mr. Johnson wrote Banner Life contesting Mr. Grooms as primary beneficiary due to the nature of Mrs. Grooms' death and requesting that the benefit not be paid. Dkt. No.1, Ex. 4.  Mr. Johnson attempted to

reach an agreement with Mr. Grooms to divide the proceeds from the Policy so that Banner Life would not be forced to file the interpleader action.  Dkt. No. 1, Ex. 5, 6.  The attempt was not successful and Banner Life filed this action.  Dkt. No.1.

Both Mr. Grooms and Mr. Johnson filed timely answers to the complaint *pro se*.  Dkt.  Nos.10, 19, 20.[1]  On January 7, 2014, at a hearing with counsel for Banner Life, Mr. Grooms and Mr. Johnson present, the District Court ordered interpleader without objection. Dkt. No. 21. On January 7, 2014, the District Court ordered Banner Life to deposit the remaining proceeds of the policy (less funeral expenses and attorney fees) with the clerk of court, and dismissed Banner Life from the case. Dkt. No. 26.  The action was continued among the Defendants and all pretrial matters were referred to United States Magistrate Judge Hendricks by order dated January 31, 2014.  Dkt. Nos. 26, 27.

On February 27, 2014, Magistrate Judge Hendricks ordered the *pro se* Defendants to notify the Clerk of Court in writing of any address changes and to answer the Rule 26.01 Interrogatories.  Dkt. No. 34.  Magistrate Judge Hendricks also appointed an attorney to represent BG, the minor contingent beneficiary.  Id. This order was mailed to the pro se Defendants' last known addresses. Dkt. No. 35. From that time until a hearing before the undersigned Magistrate Judge on June 3,

---

[1] At the hearing on January 7, 2014, the District Court deemed certain emails from Mr. Johnson an answer and ordered Mr. Grooms to file an answer that day, which he did.  Dkt. Nos. 19, 20. Mr. Grooms' answer stated that it was "proven that I had nothing to do with my wife (sic) death" and that the insurance money should go to him because his wife intended that the insurance money give " a better life for my little girl and myself to raise her." Dkt. No. 20.

2015, Mr. Grooms has not been in contact with the court or any of the parties and has not filed any documents with the clerk of court.

During Mr. Grooms' absence from these proceedings, counsel for BG filed an answer and crossclaim for a declaratory judgment against Mr. Grooms and Mr. Johnson. Dkt. No. 50.  In the crossclaim, BG asserted that although the original death certificate for Mrs. Grooms indicated that her death was accidental, an amended death certificate issued May 30, 2014 indicated that the cause of her death was pending investigation.[2] Id at p. 5.  BG claimed that, upon information and belief, Mr. Grooms feloniously and intentionally killed Mrs. Grooms and that Mr. Grooms is not entitled to any benefit under the Policy under S.C. Code Section 62-2-803(c).  Id at p. 5. BG requested an order declaring that BG is fifty percent (50%) beneficiary of the remaining amount of the Policy.[3] Mr. Johnson filed a letter in response to BG's crossclaim basically joining with the crossclaim by requesting an order declaring himself and BG as the beneficiaries of the Policy. Dkt. No. 56.

On September 18, 2014, BG filed a request for entry of default as to BG's crossclaims against Mr. Grooms as well as motions for default judgment and judgment on the pleadings as to BG's crossclaims against Mr. Grooms.  Dkt. No.

---

[2] Mr. Johnson had previously informed the court of the amended death certificate in a letter filed September 8, 2014. Dkt. No. 57.
[3] Payments for funeral expenses and attorney fees for counsel for Banner Life reduced the total amount of the insurance proceeds.  See Dkt. No. 26.

60-63.  Mr. Johnson joined in those motions on October 15, 2014.  Dkt. No. 70.[4]

The Clerk of Court filed the Entry of Default on September 18, 2014.  Dkt. No. 64.

On May 14, 2015, counsel for BG filed a letter to Mr. Grooms addressed to

two addresses: one to the address in the court's Electronic Filing System ("ECF")

and one to a different address.  This letter informed Mr. Grooms that it had come

to counsel's attention that Mr. Grooms may have a new mailing address and

enclosed all BG's previously filed documents with the court which had been

mailed to the original address in ECF.  Dkt. No. 77.  Upon receipt of this possible

new address, on May 20, 2015, the undersigned Magistrate Judge issued a

Roseboro v. Garrison order and a notice of hearing for a status conference set for

June 3, 2015.  The order and notice of hearing were mailed to the original address

and the possible new address for Mr. Grooms and included the Clerk of Court's

change of address form.  Dkt. Nos. 78-81.  Evidently, Mr. Grooms received the

court's order and notice of hearing because on May 22, 2015, Mr. Grooms filed a

notice of change of address and the address was updated in ECF.  Dkt. No. 82.

The undersigned held a status conference on June 3, 2015.  All parties were

present: counsel for BG and Mr. Grooms appeared in person, and Mr. Johnson was

allowed to participate by telephone.  Dkt. No. 87.  Mr. Grooms informed the court

that he moved residences after the hearing with the District Court on January 7,

---

[4] Mr. Johnson also filed a motion to expedite this matter on February 19, 2015 which is made moot by the filing of this Report and Recommendation.  Dkt. No. 76.

2014, and before Judge Hendricks issued the order of February 27, 2014 directing him to notify the office of the Clerk of Court of any address changes. Mr. Grooms was ordered to respond to the motions for default and judgment on the pleadings, and he did. Dkt. Nos. 87, 92. This court construes Mr. Grooms' response in opposition to the motions for default and judgment on the pleadings also as a motion to set aside the entry of default.

## DISCUSSION

To obtain default judgment, a party must first move the court for entry of default, and then it must move the court for default judgment. Fed.R.Civ.P. 55(a) and (b); United States v. Fox, Civil Action No. 5:07CV82, 2007 WL 4395698, at *1 (W.D.N.C. Dec. 13, 2007). Here, having not received a response from Mr. Grooms, Defendant BG properly moved for entry of default and the Clerk entered the default. Dkt. Nos. 60, 64. Defendant BG also properly moved for judgment on the pleadings and motion for default. Dkt. Nos. 60-63.

There is no evidence to dispute Mr. Grooms' assertion that he moved between January 7 and February 27, 2014, and therefore did not receive Magistrate Judge Hendricks' order to keep the court informed of any change in address. Once Mr. Grooms' current address was found by the laudable efforts of BG's counsel, Mr. Grooms filed a notice of address change, appeared as requested at the status conference, and filed a responsive pleading as ordered.

Rule 55(c) provides that "for good cause shown the court may set aside an entry of default." Fed.R.Civ.P. 55(c). In determining whether a party merits relief from default, the Fourth Circuit has considered a variety of factors, including a) the existence of a meritorious defense, b) the promptness of the moving party, c) the personal responsibility of the moving party, d) prejudice to the non-moving party, e) any history of dilatory action, and f) the availability of less drastic sanctions. Fox, 5:07CV82, 2007 WL 4395698, at *2, (citing Payne v. Brake, 439 F.3d 198, 204-05 (4th Cir.2006)); Jackson v. Beech, 636 F.2d 831, 836 (D. C. Cir.1980)). The Fourth Circuit has further cautioned that Rule 55(c) "must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (internal quotations and citations omitted). Moreover, *pro se* parties are entitled to reasonable safeguards when confronted with matters that may lead to the summary disposition of their case. Fox, 2007 WL 4395698, at *2 (citing Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)).

It is apparent from Mr. Grooms' handwritten pleadings and his demeanor before this court that he has no legal training and has not been able to afford to hire counsel. In addition, he never received the order of Judge Hendricks instructing him to notify the clerk of court of any address change. There is no history of dilatory behavior. When he has received notice or instructions from the court, he

has complied with the court's orders promptly, including appearing as required for two hearings.

This case arises from a tragedy, the death of Mrs. Grooms, which is yet unexplained. Mr. Grooms denies any responsibility for his wife's death and represented at the June 2015 hearing that he has custody of Defendant BG, the minor contingent beneficiary of the Policy. He is not charged with any crime relating to the death at this time. The actual cause of Mrs. Grooms' death is currently described on the amended death certificate as "pending investigation." Dkt. No. 56-1. Because Mrs. Grooms' death remains unsolved, Mr. Grooms has a meritorious defense. If the entry of default is allowed to stand, he is deprived of the proceeds of the Policy to help him raise his child. Dkt. Nos. 20, 92. He will also be denied an opportunity to defend the accusation in the Defendants' crossclaim that he murdered his wife.

Setting aside the default in this case will not harm the other parties' opportunity to fully litigate this claim. It appears that the criminal investigation into Mrs. Grooms' death is still ongoing at this time. Defendants Johnson and BG have not argued undue prejudice to them from the delay.

<u>CONCLUSION AND RECOMMENDATION</u>

After giving due consideration to Mr. Grooms' *pro se* status and other relevant factors, it is the recommendation of this court to set aside the entry of

default and deny the motions for default judgment and judgment on the pleadings.

(Dkt. Nos. 61, 62, 70.)

      IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 6, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).